UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ROWAN UNIVERSITY,  1:21-cv-04331-NLH-AMD

        Plaintiff,  **ORDER TO SHOW CAUSE**

  v.

FACTORY MUTUAL INSURANCE
COMPANY,

        Defendants.

**HILLMAN**, District Judge

    WHEREAS, Plaintiff filed a complaint stating that this Court has jurisdiction over this matter based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332(a); and

    WHEREAS, the complaint has not properly alleged the citizenship of Plaintiff[1]; and

    WHEREAS, federal courts have an independent obligation to

---

[1] The complaint has properly pleaded that Defendant Factory Mutual Insurance Company is a citizen of Rhode Island (its state of incorporation and where it has its principal place of business).  See 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . .").

address issues of subject matter jurisdiction sua sponte and may do so at any stage of the litigation, Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010); Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015) (citations omitted) ("The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000.  For over two hundred years, the statute has been understood as requiring complete diversity between all plaintiffs and all defendants, even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, no plaintiff [may] be a citizen of the same state as any defendant."); and

WHEREAS, parties may not confer subject matter jurisdiction by consent, Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 396 (3d Cir. 2004); and

WHEREAS, the complaint avers that Plaintiff, Rowan University, is a "New Jersey public institution of higher education headquartered" in Glassboro, New Jersey, and Plaintiff also operates 23 other locations in New Jersey, but the complaint is silent as to the citizenship of Rowan University; and

WHEREAS, if Plaintiff intended to aver that as a "New

Jersey public institution of higher education" Plaintiff is a citizen of New Jersey, then Plaintiff must so specifically plead that in its complaint;[2]

THEREFORE,

IT IS HEREBY on this  9th   day of  March   , 2021

ORDERED that Plaintiff shall have fifteen (15) days to amend its complaint to properly comply with 28 U.S.C. § 1332. If Plaintiff fails to do so, this case will be dismissed for

---

[2] Plaintiff shall also provide the statutory or other legal basis to support its averment of its citizenship.  The Court notes that a State or its alter ego is not a "citizen" for purposes of the diversity jurisdiction. Moor v. Alameda County, 411 U.S. 693, 717 (1973); Brown v. Francis, 75 F.3d 860, 865 (3d Cir. 1996)("More than one hundred years ago, the United States Supreme Court ruled that a state cannot be considered a citizen for purposes of establishing diversity of citizenship jurisdiction in federal court[]")(citing Postal Telegraph Cable Co. v. State of Alabama, 155 U.S. 482, 487 (1894); Ramada Inns, Inc. v. Rosemount Memorial Park Assoc., 598 F.2d 1303, 1306 (3d Cir. 1979) ("[I]t is well settled that a state is not a citizen within the meaning of the diversity statute.")); see also Doolin v. Kasin, 424 F. App'x 106, 109 (3d Cir. 2011) ("In determining whether alter ego status is appropriate, a court must perform the same analysis as is required to determine Eleventh Amendment immunity."); Van Duyne v. Stockton University, 2020 WL 6144769, at *3 (D.N.J. 2020) ("The Third Circuit has applied the Fitchik [v. New Jersey Transit Rail Operations, Inc., 873 F.2d 655, 659 (3d Cir. 1989)] factors to Montclair State University and Ramapo College of New Jersey, finding those two New Jersey post-secondary educational institutions to be arms of the state." (citing Jones v. Pi Kappa Alpha International Fraternity, Inc., 765 F. App'x 802, 806 (3d Cir. 2019); Maliandi v. Montclair State Univ., 845 F.3d 77, 83 (3d Cir. 2016)); Bowman v. Rowan University, 2018 WL 6617831, at *5 (D.N.J. 2018) ("At this stage of the pleadings, the information supplied by Defendants is not enough for this Court to conclude that Rowan is clearly an arm of the state.").

lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3).

|  |  |
|---|---|
| At Camden, New Jersey | s/ Noel L. Hillman<br>NOEL L. HILLMAN, U.S.D.J. |